In the ESTATE OF Joseph
L. OLSEN, Deceased;

Jessie Ann Olsen, Appellant,

v.

Johnathan Meyer, Successor Personal
Representative Respondent;

Jolet Olsen and Holly Olsen,
Respondents.

No. WD 68030.

Missouri Court of Appeals,
Western District.

March 4, 2008.

Renna Cristine Stallings, Bethany, for appellant.

Jerold L. Drake, Grant City, for respondents Jolet and Holly Olsen.

Johnathan L. Meyer, pro se.

Before PAUL M. SPINDEN, P.J., JAMES M. SMART, JR., and JOSEPH M. ELLIS, JJ.

JAMES M. SMART, JR., Judge.

Jessie Ann Olsen appeals a Judgment approving final settlement and distribution of the estate of Joseph L. Olsen, her deceased husband. Prior to his death, Joseph Olsen (Husband) and Jessie Ann Olsen (Wife) separated and Husband filed a petition seeking a divorce. Husband and Wife also entered into a "Separation Agreement and Property Settlement" ("the agreement"). Husband died intestate in a vehicular accident before the divorce became final. Over Wife's objection, the probate court refused to permit Wife to inherit from Husband's estate and exercise other statutory marital rights over the estate. The written agreement did not explicitly waive Wife's right to inherit in the event of her spouse's death.

## Background

Husband and Wife were married on March 20, 2004. On August 20, 2004, after only a few months of marriage, Husband filed a petition for dissolution of marriage. Six days later, the parties met at the offices of an attorney and entered into a "Separation Agreement and Property Settlement" in contemplation of a divorce. The agreement distributed to both Husband and Wife several items of enumerated personal property. It also distributed to the parties marital and non-marital debt. The agreement recited that it was contingent upon the approval of the court. The agreement did not contain an explicit, specific waiver of inheritance, homestead, or family allowance rights (together "marital rights") nor did it contain a general mutual release of all claims against the other. The agreement did, however, recite that it was binding on "the parties hereto, their heirs, personal representatives and successors."

Before the marriage was dissolved, in October of 2004, Husband was killed in a motor vehicle accident. He died without having executed a valid will. The probate court entered its order on January 27, 2006, denying Wife's applications for family allowance and exempt property. In distributing Husband's estate, the probate court found:

that a dissolution of marriage petition had been filed and that the parties had entered into a separation agreement and

that [Wife] had received all property to which she was entitled under the separation agreement, which has heretofore been found and determined by the Court to have been a fully executed and performed post-nuptial agreement. The Court finds, therefore, that she is not entitled to distribution from the estate of the decedent

In denying the Wife's claims, the court noted in closing that it was denying Wife's application in light of its *"inherent power to adjust equity between the parties* without rigidity and with appreciation for the court's duty and obligation to shape remedies to meet the demands of justice." (Emphasis in original.) The Court distributed the estate in equal proportions to Husband's two daughters from a previous marriage.

Wife filed an objection to the settlement maintaining that she was an heir at law. She now appeals, claiming the court erred as a matter of law in denying her claim against Husband's estate.

## Standard of Review

"On review, we determine whether the judgment is supported by substantial evidence and is not against the weight of the evidence, and whether the court erroneously declared or applied the law." *In re Estate of Tegeler,* 688 S.W.2d 794, 796 (Mo.App. E.D.1985) (citing *Murphy v. Carron,* 536 S.W.2d 30, 32 (Mo. banc 1976)). Factual determinations are the prerogative of the trial court; conflicts in the evidence are for the trial court to resolve, and we must take the facts in accordance with the results reached. *In re the Estate of Arbeitman,* 886 S.W.2d 644, 646 (Mo.App. E.D.1994). "We view the evidence and the concomitant inferences in a manner favorable to the prevailing party while disregarding all contradic-

tory evidence." *Wood v. Wood,* 2 S.W.3d 134, 138 (Mo.App. S.D.1999).

## Analysis

■ Because marital rights of inheritance are recognized and governed by statute, the waiver of such rights in Missouri is also governed by statute. *Estate of Murphy,* 661 S.W.2d 657, 658 (Mo.App. S.D.1983). One may waive and release such rights, but only by a written agreement that is in compliance with Section 474.120.[1] That section states:

> The rights of inheritance or any other statutory rights of a surviving spouse of the decedent who dies intestate shall be deemed to have been waived if prior to, or after, the marriage such intended spouse or spouse by a written contract did agree to waive such rights, after full disclosure of the nature and extent thereof, including the nature and extent of all property interests of the parties, and if the thing or promise given to the waiving party is a fair consideration under all the circumstances.

In spite of the language of section 474.120, the trial court here believed that equity and fairness would be best served by a ruling against Wife, presumably because the marriage lasted only a few months and the decedent had two daughters. The court, in seeking to find a waiver of marital rights, decided that the "separation agreement" between the parties was not merely an executory separation agreement that was contingent upon approval by a divorce court but was also a valid, fully executed post-nuptial agreement. The court could not find an *express* waiver of marital rights in the agreement and, thus, had to rest its ruling on the equities and its sense of justice.

1. Unless stated otherwise, all statutory references are to RSMo 2000.

As we observe from section 474.120, in order for there to be a valid post-nuptial agreement waiving rights of inheritance or other statutory rights, the agreement must be in writing; must be based on full disclosure of the nature and extent of the rights and property; and must involve fair consideration under all the circumstances. Section 474.120; *see Estate of Youngblood v. Youngblood,* 457 S.W.2d 750, 754 (Mo. banc 1970).

■ Thus, whether we classify the agreement as a fully executed post-nuptial agreement or an executory separation agreement, we believe that to affirm the judgment we must find that an express waiver of marital rights occurred. In the absence of either a dissolution decree or a properly and fully executed waiver, neither the act of separating, nor the intention to dissolve the marriage, nor the pendency of a dissolution petition could operate to sever their marital rights. *See* sections 474.010; 474.260; 474.290.

### "Certain Property Rights"

In this case, there is an agreement contemplating divorce, but no mention of any contemplation of death, and no general agreement to relinquish Wife's marital rights. The agreement does not purport to adjust all rights and property interests between the parties. The agreement merely makes a "settlement of *certain* property rights hereinafter more particu-

larly described." (Emphasis added.) Rights of inheritance and other statutory death benefits of surviving spouses are not addressed in the agreement because the agreement is limited by its own terms to the disposition of certain property described therein. The agreement also does not contain a general waiver and release as to each other's property.[2]

■ "[B]efore a widow can be deprived of statutory bounties by virtue of antenuptial agreement, such agreement must expressly so provide, and must unmistakably show such intention." *Broyles v. Magee,* 71 S.W.2d 149, 152 (Mo.App.1934).[3] Here there is no expression of an unmistakable intention to waive marital rights. The requirements of section 474.120 are, therefore, unmet.

It goes without saying that when the General Assembly has declared the operation of rights and what is necessary to waive those rights, the court has no "inherent power to adjust" the rights between the parties on the basis of equity. The trial court erred in determining that Wife had no inheritance rights as the surviving widow. It may have been a short, unhappy marriage, but as long as Husband and Wife were married, they possessed statutory rights to one another's property, except to the extent that an agreement in compliance with section 474.120 expressly provided otherwise.

---

2. Because no general release is found in the agreement, we need not address the effect of a general release on statutory marital rights. Scholarly authorities recommend that parties include a clause in settlement agreements explicitly waiving inheritance and other marital rights. *See* 21A JACK COCHRAN & NANCY A. BEARDSLEY, MISSOURI PRACTICE—FAMILY LAW Sec. 28.5 (2d ed.2000); 21 JACK COCHRAN & NANCY A. BEARSDLEY, MISSOURI PRACTICE—FAMILY LAW Sec. 2.9 (2d ed.2000). *See also* I—MISSOURI FAMILY LAW sec. 7.19 D.-E.. (Mo. Bar 6th ed.2004).

3. While *Broyles* dealt with the right of dower and not modern statutory marital rights, these modern rights are the direct descendents of a widow's right to dower. "In return for the abolition of dower the widow has been given the rights by descent provided in section 474.010 [RSMo Supp.1957] and the exemptions, allowances and homestead rights provided by sections 474.250–474.300 [RSMo Supp.1957], inclusive." *Reinheimer v. Rhedans,* 327 S.W.2d 823, 828 (Mo.1959).

The effect of the statute is that, in cases of parties intending to dissolve their marriage, where death intervenes prior to the dissolution, the interests of the decedent's spouse are protected as a matter of law. While in this case such a rule may, as the Court believed, work an inequity, there may be many other cases where the application of the rule is consistent with the equities. Statutory rules generally do not and often cannot take every contingency into account. In any event, because the General Assembly has specified the applicable rule of law, the probate court's equitable powers could not affect the outcome.

### Conclusion

We reverse the judgment of the probate court and remand for further proceedings in accordance with this opinion.

SPINDEN and ELLIS, JJ., concur.